UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMES EDWARD SCOTT, III, | Case No. 3:23-cv-00252-ART-CSD |
| Plaintiff, | ORDER |
| v. | |
| MILLER, *et al.*, | |
| Defendants. | |

Mr. Scott asserts claims under the ADA, RA, First and Fourteenth Amendments against Defendants State of Nevada ex rel. Nevada Department of Corrections, Christopher Herzog, Lieutenant Miller, Robert Ashcroft, Mike Henley, Caseworker Harris, and Frenandeis Frazier ("Defendants") for failing to accommodate his kidney disease during disciplinary proceedings and denying him due process during placement in administrative segregation. (ECF No. 8.)

On October 21, 2025, Magistrate Judge Craig S. Denney set a Case Management Conference for November 18, 2025, with a case management report due November 13, 2025. (ECF No. 21.) Mr. Scott did not appear nor file a case management report. On November 18, 2025, Judge Denney ordered Mr. Scott to show cause why he should not be sanctioned for failing to comply with the Court's order to appear for the case management conference. (ECF No. 24.) On December 16, 2025, the order setting the case management conference was returned as undeliverable. (ECF No. 25.) On December 17, 2025, Judge Denney issued a Report and Recommendation ("R&R") recommending that Mr. Scott's case be dismissed without prejudice for failure to prosecute. (ECF No. 26.)

Since then, Mr. Scott has updated his address in other cases before this Court. *See Scott v. Harris*, 3:23-cv-261-ART-CSD at ECF No. 34. He has failed to

1

do so here. The Court has not received any information from Mr. Scott regarding this case since September 2, 2025. (ECF No. 15.)

Under the Federal Magistrates Act, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by [a] magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). A court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

Judge Denney found that Mr. Scott's failure to update his contact information is in violation of Local Rule IA 3-1, requires an attorney or pro se party to immediately file with the Court written notification of any change in contact information, and a failure to comply with the rule may result in dismissal of the action, entry of default judgment, or other sanction deemed appropriate. LR IA 3-1. He therefore recommends dismissing the action without prejudice. The Court agrees.

It is therefore ordered that this action is DISMISSED without prejudice.

It is kindly ordered that the Clerk CLOSE this case.

Dated this 26th day of February, 2026.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

2